UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 11-30113-RWZ

COLLEEN CURRY

v.

THE GUARDIAN FOUNDATION, INC.,
and
DARRELL CARLSON


ORDER
March 27, 2012

ZOBEL, D.J.


Plaintiff, Colleen Curry, was employed as a licensed practical nurse at a nursing home, Springside of Pittsfield, Inc., in June 2004, when, she alleges, she suffered serious aggravation of several respiratory ailments as a result of a co-worker's heavy perfume. She complained, defendant's administrator, Darrell Carlson, promised relief which did not materialize and plaintiff ended up in the hospital with anaphylactic shock. There ensued, first, a claim for worker's compensation at the Department of Industrial Accidents which denied relief in July 2006, on the ground that the injury did not arise within the scope of her employment.

Nearly one year later, in June 2007, plaintiff brought suit in the Berkshire Superior Court against Springside of Pittsfield, Inc., for negligence, breach of contract and workplace discrimination. Colleen Curry v. Springside of Pittsfield, Inc., No. BECV2007-00182 (Mass. Sup. Ct.). In January 2010, the defendant moved to correct

the misnomer by substituting as defendant G/F Massachusetts d/b/a Springside of

Pittsfield, Inc., which was allowed.   Shortly thereafter, the newly named defendant

moved for partial summary judgment to limit its liability as a charitable institution, and

plaintiff moved to amend the complaint by adding as defendants employees of the

defendant corporation including Darrell Carlson, defense counsel, and two additional

corporations including The Guardian Foundation, Inc.  The court denied plaintiff's

motion to amend and eventually, after additional discovery, allowed defendant's motion

for partial summary judgment.

The record does not disclose the disposition of the case by the Superior Court.

But it is clear that on April 28, 2011, plaintiff did file a new law suit, this time against

The Guardian Foundation, Inc., and Darrell Carlson, in yet another forum, the United

States District Court in Springfield. Plaintiff again alleges negligence, breach of

contract, and workplace discrimination.  She also seeks a declaratory judgment that the

action is not barred by any statute of limitations.  Defendants have moved to dismiss.

The parties do not disagree that plaintiff's negligence and discrimination claims

are subject to three-year statutes of limitation, Mass. Gen. Laws ch. 260, § 2a and  §

5b, respectively, and that the breach of contract claim has a six-year limitations period,

Mass. Gen. Laws. ch. 260, § 2.  There is, moreover, no dispute that this case was filed

nearly seven years after the cause of action accrued.  The only question is whether

plaintiff may rely on the doctrine of equitable estoppel to toll the statutes of limitation.

She charges defendants with misrepresenting who the correct defendant was and

lulling her "into believing that it was not necessary to name Carlson and Guardian as

2

defendants before the statute of limitations period ran."  Complaint ¶ 37 (Docket # 1).  It
is a curious charge given defendant's motion to correct its name and plaintiff's
opposition as reflected in the docket sheet of the Berkshire Superior Court.  Moreover,
the parties conducted substantial discovery during that proceeding, but nothing in the
pleadings or the record reflects any attempt by plaintiff to establish the corporate
relationship between Springside of Pittsfield, G/F Massachusetts and The
Guardianship Foundation.  See Protective Life Ins. Co. v. Sullivan, 682 N.E.2d 624,
635 (Mass. 1997) (equitable tolling applies "only where the prospective plaintiff did not
have, and could not have had with due diligence, the information essential to bringing
the suit."); id. at 632 (tolling occurs "only where a misrepresentation concerns a fact
that was inherently unknowable to the aggrieved") (internal quotation marks and
citations omitted).

Because plaintiff has neither alleged nor shown any facts to support her
suggestion of equitable estoppel, the motion to dismiss the complaint is allowed.

Judgment may be entered dismissing the complaint with prejudice.


_____March 27, 2012_____                    _____/s/Rya W. Zobel_____
            DATE                                              RYA W. ZOBEL
                                                     UNITED STATES DISTRICT JUDGE