UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-30113-RWZ

COLLEEN CURRY

v.

THE GUARDIAN FOUNDATION, INC.,
and
DARRELL CARLSON

ORDER
March 27, 2012

ZOBEL, D.J.

Plaintiff, Colleen Curry, was employed as a licensed practical nurse at a nursing home, Springside of Pittsfield, Inc., in June 2004, when, she alleges, she suffered serious aggravation of several respiratory ailments as a result of a co-worker's heavy perfume. She complained, defendant's administrator, Darrell Carlson, promised relief which did not materialize and plaintiff ended up in the hospital with anaphylactic shock. There ensued, first, a claim for worker's compensation at the Department of Industrial Accidents which denied relief in July 2006, on the ground that the injury did not arise within the scope of her employment.

Nearly one year later, in June 2007, plaintiff brought suit in the Berkshire Superior Court against Springside of Pittsfield, Inc., for negligence, breach of contract and workplace discrimination. Colleen Curry v. Springside of Pittsfield, Inc., No. BECV2007-00182 (Mass. Sup. Ct.). In January 2010, the defendant moved to correct

the misnomer by substituting as defendant G/F Massachusetts d/b/a Springside of Pittsfield, Inc., which was allowed. Shortly thereafter, the newly named defendant moved for partial summary judgment to limit its liability as a charitable institution, and plaintiff moved to amend the complaint by adding as defendants employees of the defendant corporation including Darrell Carlson, defense counsel, and two additional corporations including The Guardian Foundation, Inc. The court denied plaintiff's motion to amend and eventually, after additional discovery, allowed defendant's motion for partial summary judgment.

The record does not disclose the disposition of the case by the Superior Court. But it is clear that on April 28, 2011, plaintiff did file a new law suit, this time against The Guardian Foundation, Inc., and Darrell Carlson, in yet another forum, the United States District Court in Springfield. Plaintiff again alleges negligence, breach of contract, and workplace discrimination. She also seeks a declaratory judgment that the action is not barred by any statute of limitations. Defendants have moved to dismiss.

The parties do not disagree that plaintiff's negligence and discrimination claims are subject to three-year statutes of limitation, Mass. Gen. Laws ch. 260, § 2a and § 5b, respectively, and that the breach of contract claim has a six-year limitations period, Mass. Gen. Laws. ch. 260, § 2. There is, moreover, no dispute that this case was filed nearly seven years after the cause of action accrued. The only question is whether plaintiff may rely on the doctrine of equitable estoppel to toll the statutes of limitation. She charges defendants with misrepresenting who the correct defendant was and lulling her "into believing that it was not necessary to name Carlson and Guardian as

defendants before the statute of limitations period ran." Complaint ¶ 37 (Docket # 1). It is a curious charge given defendant's motion to correct its name and plaintiff's opposition as reflected in the docket sheet of the Berkshire Superior Court. Moreover, the parties conducted substantial discovery during that proceeding, but nothing in the pleadings or the record reflects any attempt by plaintiff to establish the corporate relationship between Springside of Pittsfield, G/F Massachusetts and The Guardianship Foundation. See Protective Life Ins. Co. v. Sullivan, 682 N.E.2d 624, 635 (Mass. 1997) (equitable tolling applies "only where the prospective plaintiff did not have, and could not have had with due diligence, the information essential to bringing the suit."); id. at 632 (tolling occurs "only where a misrepresentation concerns a fact that was inherently unknowable to the aggrieved") (internal quotation marks and citations omitted).

Because plaintiff has neither alleged nor shown any facts to support her suggestion of equitable estoppel, the motion to dismiss the complaint is allowed.

Judgment may be entered dismissing the complaint with prejudice.


    March 27, 2012                                 /s/Rya W. Zobel
        DATE                                          RYA W. ZOBEL
                                                        UNITED STATES DISTRICT JUDGE